■ CITY OF BUFFALO, Respondent, v. J. W. CLEMENT COMPANY, Appellant. — Order unanimously affirmed, without costs. Memorandum: Following an appeal to this court from a judgment in this condemnation proceeding, a modified judgment was entered providing, among other items, that the defendant Clement recover of the plaintiff the sum of $869,819.20, the cost of removing its machinery. The Court of Appeals affirmed the award of $869,819.20 and remanded the cause for a new trial on the question of proper valuation of the lands and buildings and for findings consistent with its opinion. The award of the cost of moving the machinery has been paid and the parties have stipulated as a part of the record on appeal that the only question now before the court on this appeal is whether Clement is entitled to interest on its moving expenses from April 1, 1963 to June 13, 1972. The Court of Appeals in its decision on the prior appeal (28 N Y 2d 241) made clear that the computation of interest is to be fixed in accordance with the City of Buffalo Charter and rejected the contention that there was any taking by plaintiff in April, 1963 when defendant removed its machinery, that would entitle defendant to interest from that time. On this point, the Court of Appeals states at page 265 of its opinion: "As there was no taking in April, 1963 the judgment should be so modified as to delete therefrom the provision awarding interest at a rate of 4% for the period of April 1, 1963 to August 1, 1966 and to provide for an award of 6% interest only from the time of payment of the award or entry, whichever occurs first (Buffalo City Charter, § 388)." The Buffalo City Charter provides: "§ 388. PAYMENT OF AWARDS. Within one year after the granting of the final decree, the city shall make to the persons to whom compensation shall have been decreed the compensation decreed to them. In case the city shall have entered upon the land for which such compensation has been decreed, prior to the payment of the compensation decreed, the city shall pay interest upon the compensation decreed from the time of such entry." It has been stipulated with reference to the subject premises, that there was filed in the Erie County Clerk's office on June 13, 1972 a copy of a resolution of the Buffalo City Council authorizing the Commissioner of Urban Renewal "to enter upon and appropriate the same to the immediate use of the City", and that on the same day an order of Supreme Court was obtained pursuant to such resolution granting the city immediate possession of the property. Interest on the award properly accrued under the provisions of the City Charter from such date of entry by the plaintiff; and defendant is not entitled to interest on the award prior thereto. (Appeal from order of Erie Special Term denying motion for partial summary judgment.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.